IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEALERS LEASING, INC., )
)
         Plaintiff, )
)
v. )   Case No. 10-1078-JWL
)
INTERCOASTAL EXPRESS, INC.; )
DANA G. BLOCKER; and )
MARY JANE BLOCKER, )
)
         Defendants. )
)
_____)

## MEMORANDUM AND ORDER

After having repossessed and sold vans leased to defendant Intercoastal Express, Inc. ("the Lessee"), plaintiff Dealers Leasing, Inc., the lessor, seeks to recover the amount of its deficiency. Plaintiff thus brings a claim against the Lessee under the various lease agreements, as well as a claim against defendants Dana Blocker and Mary Jane Blocker ("the Guarantors"), who signed a guaranty agreement by which they guaranteed payments to plaintiff under the leases. Defendants removed the case to this Court from the District Court of Sedgwick County, Kansas. The Guarantors now move to dismiss the claim against them for lack of personal jurisdiction (Doc. # 15). For the reasons set forth below, the motion is **denied**.

The Guarantors, who are residents of South Carolina, argue that their guaranty agreement with plaintiff, a Kansas company, is not sufficient to permit the exercise of

personal jurisdiction over them in Kansas. Plaintiff does not contend that the requisite minimum contacts may be found here;[1] rather, plaintiff argues that the Guarantors have consented to jurisdiction here by means of a forum selection clause contained in the lease agreements. The lease agreements, which were allegedly executed over a period of time from December 21, 2005, to October 17, 2008, contained the following forum selection clause:

> 22. CHOICE OF LAW; JURISDICTION IN KANSAS. This Lease shall be effective only upon execution by Lessor at its offices in Wichita, Kansas, and shall be deemed to have been executed in the state of Kansas and performed in the state of Kansas. In the event of any action, suit or proceeding concerning construction, validity, performance or enforcement of the Lease, Lessee agrees to submit to jurisdiction to [sic] any state or federal court located in Sedgwick County, Kansas.

The Guarantors signed the guaranty agreement effective December 21, 2005 (the alleged date of the first lease agreement), and the agreement was expressly made in consideration of and as an inducement to the leases. The guaranty agreement contained the following provision:

> Guarantor further agrees to be bound by each and every covenant, obligation, power and authorization, without limitation in said leases, with the same force and effect as if they were designated in and had executed said lease as Lessees thereunder.

Plaintiff argues that by virtue of this provision in the guaranty, the Guarantors consented

---

[1]In light of its ruling concerning the forum selection clause, the Court need not determined whether the Guarantors in fact had sufficient contacts with Kansas to support the exercise of personal jurisdiction.

to jurisdiction in Kansas in accordance with the leases' forum selection clause.[2] In reply, the Guarantors do not dispute that, if the forum selection clause applies to the them and to plaintiff's claim under the guaranty, this Court may exercise personal jurisdiction over them.

The Guarantors do dispute, however, that the forum selection clause applies here. First, the Guarantors argue, without citation to supporting authority, that because of their lack of contact with Kansas, this Court cannot exercise jurisdiction over them even for purposes of considering and interpreting the forum selection clause. This argument clearly lacks merit, as the Tenth Circuit has consistently held that a court has jurisdiction to determine its own jurisdiction. *See, e.g.*, *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) (citing *Schroeck v. Gonzales*, 429 F.3d 947, 950 (10th Cir. 2005)). Requiring a court to have personal jurisdiction over the parties before considering a forum selection clause would effectively eviscerate such clauses in numerous contexts; thus, the Court will not recognize such a requirement absent supporting authority.

Second, the Guarantors argue that the guaranty agreement did not bind them to the forum selection clause in the leases. Specifically, they argue—again, without

---

[2]Copies of one lease agreement and the guaranty agreement were apparently attached to the petition, as they were included among the state court records submitted to this Court upon removal. The Guarantors have not disputed the authenticity of those documents or the accuracy of the contractual provisions quoted herein.

3

citation to relevant authority[3]—that the clause is a mere statement of consent to jurisdiction in Kansas, and thus is not a "covenant, obligation, power [or] authorization" contained in the leases to which they agreed to be bound. The Court rejects this argument. In their reply brief, the Guarantors did not bother to consider the commonly-understood meanings of the relevant terms. A "covenant" is an agreement or contractual promise. *See* Black's Law Dictionary 391 (8th ed. 2004); Webster's Third New International Dictionary 524 (1993). In the forum selection clause, the Lessee clearly expressly "agreed" to submit to jurisdiction in Kansas. Thus, the forum selection clause constitutes a "covenant," under the plain meaning of that term, to which the Guarantors became bound. Similarly, the forum selection clause gave "authorization" or legal "power" to plaintiff to bring a claim in Kansas. *See* Black's Law Dictionary 143 ("authorize" means to give legal authority or to empower), 1807 ("power" means the legal right or authorization to act). The Court concludes that, by executing the guaranty, the Guarantors subjected themselves to the forum selection clause.

Finally, the Guarantors argue that the scope of the forum selection clause is limited to claims for breach of the lease, and therefore it does not apply to plaintiff's

---

[3]The Guarantors cite *K&V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494 (10th Cir. 2002), but in that case, the court merely held that a particular forum selection clause was permissive; the *K&V* court did offer any guidance on whether a forum selection clause constitutes a "covenant, obligation, power [or] authorization." *See id.* The Guarantors also cited Kansas and South Carolina authority for the point that an ambiguous contract should be interpreted against the drafter (plaintiff in this case). The Court does not find these contractual provisions to be ambiguous, however.

4

claim against the Guarantors for breach of the guaranty agreement. The Court rejects this argument as well. By its terms, the clause applies "[i]n the event of any action, suit or proceeding concerning construction, validity, performance or enforcement" of the leases. The Guarantors' liability on the guaranty is dependent upon the Lessee's liability under the leases, and thus would be subject to defenses relating to the construction, validity, performance, or enforcement of the lease. Therefore, plaintiff's claim on the guaranty is one "concerning" the lease, within the scope of the express terms of the forum selection clause.[4]

The Guarantors have not cited any other reason why they did not consent to jurisdiction in Kansas by means of the forum selection clause. Accordingly, the Court denies their motion to dismiss for lack of personal jurisdiction.

---

[4]Moreover, even if the claim on the guaranty did not technically fall within the express language of the forum selection clause, that claim could still be litigated here because it is so closely intertwined with the underlying claim on the leases. *See Cobank, ACB v. Reorganized Farmers Co-op. Ass'n*, 170 Fed. App'x 559, 567 (10th Cir. 2006) (noting that other circuits have held that a contractual forum selection clause may apply to other claims based on the same operative facts); *Abbott v. Chemical Trust*, 2001 WL 492388, at *5 n.12 (D. Kan. Apr. 26, 2001) (Lungstrum, J.) (noting that several courts have held that a choice-of-law provision may apply to other claims involving the same operative facts; citing cases involving forum selection clauses); *see also Swisher Int'l, Inc. v. ISA Chicago Wholesale, Inc.*, 2009 WL 1405177, at *3 (M.D. Fla. May 19, 2009) (forum selection clause in agreement also applied to claim on guaranty that was inextricably intertwined with the agreement); *Nova Ribbon Prods., Inc. v. Lincoln Ribbon, Inc.*, 1992 WL 211544, at *5 (E.D. Pa. Aug. 24, 1992) (same; noting that "[c]ourts have applied contractual clauses designating the choice of law or forum to entities who were not parties to the contract containing the clause, but were otherwise related to the transaction"), *aff'd*, 995 F.2d 218 (3d Cir. 1993).

5

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss by defendants Dana Blocker and Mary Jane Blocker (Doc. # 15) is **denied**.

IT IS SO ORDERED.

Dated this 8th day of December, 2010, in Kansas City, Kansas.

>s/ John W. Lungstrum
John W. Lungstrum
United States District Judge